UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00111-RGK-JC | Date | October 16 2020 |
|---|---|---|---|
| Title | *Brian Whitaker v. Starbucks Corporation et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion for Summary Judgment [DE 32]

## I.  INTRODUCTION

On January 6, 2020, Plaintiff Brian Whitaker ("Plaintiff") filed a Complaint against Starbucks Corporation ("Defendant") alleging violations of Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA") and Unruh Civil Rights Act, California Civil Code §§ 51–53 due to inaccessible (1) dining surfaces and (2) sales counters at the Defendant's Starbucks facility in Hollywood, California. On February 20, 2020, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh claim and dismissed it without prejudice. On March 4, 2020, the Court dismissed Plaintiff's ADA claim based on inaccessible sales counters.

Presently before the Court is Defendant's unopposed Motion for Summary Judgment seeking dismissal of Plaintiff's remaining ADA claim related to dining surfaces. For the following reasons, the Court **GRANTS** Defendant's Motion.

## II.  FACTUAL BACKGROUND

In November 2019, Plaintiff, a quadriplegic who uses wheelchair for mobility, visited Defendant's Starbucks facility, located at 6801 Hollywood Boulevard, Hollywood, California ("Starbucks Store"). Plaintiff alleges that on the date of his visit, Defendant failed to provide accessible dining surfaces in compliance with ADA.

At the time of Plaintiff's visit, the Starbucks Store provided only outside dining seating. (Def.'s Stmt. Undisputed Facts ("DSUF") ¶ 2, ECF No. 32-9.) However, at some time prior to the pandemic, the Starbucks Store started providing an outdoor dining table that was 27.25 inches in height, 23.38 inches in depth, and 31.38 inches in width. (DSUF ¶ 6.) Such table further comprised at least 5% of the outdoor dining surfaces available at the Starbucks Store. (*Id.*) Currently, the Starbucks Store is not providing any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00111-RGK-JC | Date | October 16 2020 |
|---|---|---|---|
| Title | *Brian Whitaker v. Starbucks Corporation et al* | | |

outside dining seating due to the coronavirus pandemic. (*Id.* ¶ 5.) When the Starbuck Store resumes its outdoor dining, it will continue to provide the outdoor dining table of 27.25 inches in height, 23.38 inches in depth, and 31.38 inches in width that will comprise at least 5% of the outdoor dining surfaces available at the Starbucks Store. (*Id.* ¶ 8.)

### III.   JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are material only if dispute about them may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

To prevail on a summary judgment motion, the movant must show that there are no genuine issues of material fact as to matters which the movant has the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Such a showing requires establishing "beyond controversy every essential element" of the movant's claim or affirmative defense. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (citation omitted). On issues where the moving party does not have the burden of proof at trial, the moving party is only required to show that there is an absence of evidence to support the non-moving party's claim. *Celotex*, 477 U.S. at 325. Upon such a showing, the court may grant summary judgment on all or part of the claim. Fed. R. Civ. P. 56(a).

To defeat a summary judgment motion, the non-moving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324.

### IV.   DISCUSSION

Defendant argues that it is entitled to summary judgment because Plaintiff's ADA claim is moot. Defendant further argues that Plaintiff is not entitled to attorneys' fees because Plaintiff did not prevail in this action. The Court agrees and addresses each argument in turn.

#### A.   Plaintiff's Remaining ADA Claim Is Moot

The doctrine of mootness stems from Article III's requirement that courts may exercise jurisdiction over live cases or controversies only. *See* U.S. Const. art. III. A claim is rendered moot— and therefore does not present a live case or controversy—when "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation" and there is no reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00111-RGK-JC | Date | October 16 2020 |
|---|---|---|---|
| Title | *Brian Whitaker v. Starbucks Corporation et al* | | |

expectation that the alleged violation will recur. *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

The ADA authorizes courts to provide injunctive relief by ordering a defendant to remove architectural barriers for individuals with disabilities. 42 U.S.C. § 12188(a)(2). However, because the ADA authorizes only injunctive relief, a defendant's voluntary removal of alleged barriers has the effect of mooting a plaintiff's ADA claim. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). This is because when a defendant voluntarily remedies the alleged violation, the plaintiff receives the only relief to which he or she would have been entitled. *See id.*

Plaintiff concedes[1] that the relevant violation here was lack of toe and knee clearance below the tables. The ADA Accessibility Guidelines ("ADAAG") issued by the Architectural and Transportation Barriers Compliance Board and adopted by the Department of Justice "lay out the technical structural requirements of places of public accommodation." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1080–81 (9th Cir. 2004). The applicable design standards here require the dining tables to have a toe clearance of at least 9 inches above the ground, 17 to 25 inches in depth, and at least 30 inches in width. 36 C.F.R. pt. 1191 app. D §§ 306.2.1–306.2.5 (2010). Further, the tables must provide the knee clearance of 9 to 27 inches above the ground, between 11 and 25 inches in depth if the table is 9 inches above the ground and between 8 and 25 inches in depth if the table is 27 inches above the ground, and at least 30 inches in width. *Id.* §§ 306.3.1–306.3.5. Finally, where "dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces . . . at the dining surfaces shall comply" with the above requirements. *Id.* app. C § 226.1.

Here, Defendant argues that this action is moot because it remedied the toe and knee clearance violation. At the time of Plaintiff's visit, the Starbucks Store was providing only outside dining seating. (DSUF ¶ 2.) After Plaintiff's visit,[2] the Starbucks Store started providing an outdoor dining table that was 27.25 inches in height, 23.38 inches in depth, and 31.38 inches in width. (*Id.* ¶ 6.) Such a table further comprised at least 5% of the outdoor dining surfaces available at the Starbucks Store. (*Id.*) However, currently Starbucks Store is not providing any outside dining due to the coronavirus

---

[1] Plaintiff did not oppose this Motion and thus, has conceded that the alleged incompliance with respect to the dining surfaces was lack of toe and knee clearance.
[2] In its moving papers, Defendant does not contend that it provided a compliant outdoor dining table at the time of Plaintiff's visit. Instead, Defendant states that it provided a compliant outdoor dining table at some point prior to the pandemic. (DSUF ¶ 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00111-RGK-JC | Date | October 16 2020 |
|---|---|---|---|
| Title | *Brian Whitaker v. Starbucks Corporation et al* | | |

pandemic. (*Id.* ¶ 5.) When the Starbuck Store resumes its outdoor dining, it will continue to provide the same outdoor dining table with the above-mentioned specifications. (*Id.* ¶ 8.)

Plaintiff has not opposed the motion and thus, does not contend that there exists a genuine dispute as to these material facts. Therefore, because Defendant started providing an outdoor table that met the ADAAG requirements, the Defendant's Starbucks Store is now compliant with ADA. Consequently, the Court finds that Defendant has remedied the violation and that there is no reasonable expectation that the violation will recur.

Accordingly, because Defendant has successfully demonstrated that there are no genuine issues of material fact as to the ADA claim, the Court dismisses this claim as moot.

**B.    Plaintiff Is Not Entitled to the Attorneys' Fees**

Defendant further argues that Plaintiff is not entitled to attorneys' fees because Plaintiff is not a prevailing party. The Court agrees.

A prevailing litigant ordinarily may not collect attorneys' fees from the losing party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). An exception to the general rule exists where a statute or other rule allows the prevailing party to collect such fees. *Id.* at 257. The ADA allows the courts to award reasonable attorneys' fees to the prevailing party. *See* 42 U.S.C. § 12205.

For a plaintiff to prevail on the ADA claim, the plaintiff must have achieved a desired result through either a judgment on the merits or court-ordered consent decree. *Or. Nat. Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009). Accordingly, a defendant's voluntary cure of the violation does not render the plaintiff a prevailing party, even if the lawsuit prompted the cure. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) (plaintiff is not a "prevailing party" for the purposes of the ADA if plaintiff "achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct").

Here, Plaintiff is not the prevailing party. While is it unclear whether Defendant remedied the violation before or after Plaintiff filed his lawsuit, it is clear that Plaintiff has not prevailed for the purposes of attorneys' fees, as he did not achieve this result through a judgment on the merits or court-ordered consent decree. Therefore, there is no genuine dispute of material fact with respect to the attorneys' fees issue.

Because Defendant has successfully demonstrated that there are no genuine issues of material fact as to the matters which it has the burden of proving at trial, the Court **GRANTS** Defendant's Motion for Summary Judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00111-RGK-JC | Date | October 16 2020 |
|---|---|---|---|
| Title | *Brian Whitaker v. Starbucks Corporation et al* | | |

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion. Defendant is to file Proposed Judgment consistent with this Order within **FIVE (5) DAYS** of this Order's issuance.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre |